IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL LUCIANO,<br>    Plaintiff | Civil No. 3:15-cv-1271 |
| v. | (Judge Mariani) |
| UNITED STATES,<br>    Defendant | |

### MEMORANDUM

Plaintiff, Miguel Luciano, an inmate presently confined at the Canaan United States Penitentiary, in Waymart, Pennsylvania, initiated the instant action pursuant to the Federal Tort Claims Act ("FTCA") against the United States of America. (Doc. 1). The complaint sets forth claims of medical malpractice and negligence related to dental care Plaintiff received at the United States Penitentiary, in Florence, Colorado ("USP-Florence"). (*Id.*).

Presently pending before the Court is Defendant's motion to transfer venue. (Doc. 22). For the reasons set forth below, the motion will be granted and the action will be transferred to the United States District Court for the District of Colorado.

I.  **Discussion**

Venue for actions brought under the FTCA is governed by 28 U.S.C. § 1402(b). The FTCA's venue provision mandates that, "[a]ny civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. 1402(b).

In the instant action, the named Defendant is the United States Government, and the venue provisions of Section 1402(b) apply to Plaintiff's FTCA claim. The allegations in the complaint stem from the alleged medical malpractice and negligence on the part of the dental staff at USP-Florence. The incidents complained of emanate from USP-Florence, which is located in the District of Colorado. Additionally, any documents, parties and potential witnesses are located in the District of Colorado. Further, the law of the State of Colorado applies to the instant claims.

Upon consideration of the motion and Plaintiff's complaint, it appears that this action could have been properly brought before the United States District Court for the District of Colorado. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought..."); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (stating factors to consider when deciding whether to transfer case). The District of Colorado likely has a strong interest in deciding this controversy, see Jumara, 55 F.3d at 879 (stating that local interest in deciding a case is a factor), discovery will presumably involve witnesses and documents located within the District of Colorado, see id. (stating that location of witnesses and discoverable evidence is a factor), and practical and economic considerations of conducting discovery and trial in a location near the parties and witnesses weigh in favor of a transfer, see id. (stating that public and practical

Case 3:15-cv-01271-RDM-CA   Document 24   Filed 12/22/15   Page 3 of 3

considerations are factors), *see also Hillard v. Guidant Corp.*, 76 F. Supp. 2d 566, 570-71 (M.D. Pa. 1999) (stating that in considering transfer of case, convenience of non-party witnesses residing more than 100 miles from the court weighed heavily).

Accordingly, in the interests of justice and judicial economy, this action will be transferred to the United States District Court for the District of Colorado. An appropriate Order follows.

Dated: December 21st, 2015

Robert D. Mariani
United States District Judge